KM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Henry Amaya-Ingles,

Petitioner,

v.

United States of America, et al.,

Respondents.

No. CV-26-00563-PHX-AMM

**ORDER**

Pending before the Court are Petitioner's Motion to Reopen Case (Doc. 21) and Motion to Proceed Pro Se. (Docs. 21–22.)

On January 29, 2026, Petitioner brought a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) The Court ordered Respondents to file an answer and referred this case to Magistrate Judge John Z. Boyle. (Doc. 5.) On April 17, 2026, Judge Boyle issued a Report and Recommendation recommending that the Court deny Petitioner's request for immediate release and grant the Petition in part with respect to Petitioner's request for a bond hearing. (Doc. 16.)

On May 7, 2026, the Court adopted the recommendation. (Doc. 18.) The Court denied Petitioner's request for immediate release and granted the Petition in part, requiring that Petitioner receive a bond hearing within three days. (*Id.*) The Court further ordered the government to file a status report regarding the bond hearing within seven days and closed the case. (*Id.*)

On May 14, 2026, Respondent filed a Status Report indicating that Petitioner received a bond hearing on May 11, 2026. (Doc. 20.)

On June 5, 2026, Petitioner filed a Motion to Reopen Case asserting Respondents failed to comply with the Court's May 7, 2026 Order because he did not receive a bond hearing. (Doc. 21.) Petitioner asks the Court to reopen this case and grant him immediate release. (*Id.*) Petitioner thereafter filed a Supplement on September 10, 2026 in which Petitioner acknowledges that he received a bond hearing on May 11, 2026 but argues the Immigration Judge ("IJ") wrongfully based his decision to deny bond solely on Petitioner's criminal history in violation of Petitioner's due process rights. (Doc. 23.)

Respondents provided a copy of the IJ's May 11, 2026 Order. (Doc. 20-1.) The IJ explained that a bond hearing occurred pursuant to this Court's Order. (*Id.*) After the hearing, the IJ concluded Petitioner poses a risk of flight in part because his last fixed address was at his mother's home, but he had not lived there since he was removed from the United States in 2014. (*Id.*) The IJ further noted Petitioner was previously removed from the United States in 2014 and was again ordered removed in 2024. (*Id.*) The 2024 removal order remains in effect and was upheld by the Board of Immigration Appeals. (*Id.*)

The IJ further concluded Petitioner posed a danger to the community because of his significant criminal history, which includes a "particularly serious" conviction for which Petitioner received an 8-year prison sentence and convictions for possessing a weapon in prison with an enhancement for being part of a criminal street gang. (*Id.*)

The Court will deny Petitioner's motions. Pursuant to this Court's Order, Petitioner received a bond hearing. At that hearing, the IJ made specific factual findings regarding Petitioner's flight risk and danger to the community. Because Petitioner received the relief that the Court granted, there is no basis upon which to reopen this case.

///

///

///

///

Accordingly,

**IT IS ORDERED:**

(1) Petitioner's Motion to Reopen Case is **DENIED**. (Doc. 21.) This case shall remain closed.

(2) Petitioner's Motion to Proceed Pro Se is **DENIED AS MOOT**. (Doc. 22.)

Dated this 26th day of October, 2026.

Honorable Angela M. Martinez
United States District Judge